Dear Mr. Boland:
We are in receipt of your request for an Attorney General's opinion regarding an interpretation of Act 130 of the 1995 Regular Session of the Louisiana Legislature. Specifically, you have requested an opinion on the following questions:
 1. Whether the restrictions of the act regarding the abolishment and subsequent re-establishment of vacated positions apply to all retirements or whether such terms apply only to retirements effected pursuant to the early retirement provisions of Section 3 of the act.
 2. Some state employees of political subdivisions such as port commissions, levee districts, and housing authorities are members of the State Employees Retirement System. Provisions of the Act, however, exist only for re-establishment within the three branches of government. Should the Act be construed to permanently abolish the covered vacated positions with these political subdivisions, or should it be construed not to apply to positions outside of one of the three branches of government?
In response to your first question, Sections 5 and 6 of the act provide for the applicability of the act with regard to the abolishment and subsequent re-establishment of vacated positions. Section 5 states:
 Section 5. Application of Other Early Retirement Provisions. If any person is eligible for early retirement under the provisions of the Act or under any early retirement provisions of R.S. 11:441(A), such person may retire under either provision; however, the restrictions on employee positions set forth in Section 6 of this Act shall also apply to early
retirement under R.S. 11:441(A) until January 1, 1996, and such person shall not be eligible for reemployment by the state of Louisiana or any agency thereof for a period of two years. (Emphasis added.)
Section 6 of the act provides, in pertinent part:
 Section 6. Restrictions on Employee Positions and Payroll.
* * *
 B. Accordingly, notwithstanding any other provision of law to the contrary, after January 1, 1996, no position which is vacated under authority of this Act shall be filled by the state of Louisiana unless such hiring is authorized . . .
* * *
 C. (1) Any position which becomes vacant as a result of a retirement under authority of this Act
shall thereby be abolished and shall only be reestablished upon the authorization, jointly by . . . (Emphasis added.)
The act provides for early retirement for certain persons, which can be summarized as follows:
 Any person who was an active member of LASERS on April 25, 1995 and on June 12, 1995, and who is ineligible for retirement under LASERS, but:
 (1) who will have at least 10 years of credited service, exclusive of any military service credit, and who is 50 years old by January 1, 1996;
 (2) who will have at least 25 years of credited service by January 1, 1996, regardless of age.
R.S. 11:441(A) provides for regular retirement, as follows:
 § 441. Eligibility for retirement
 A. Any member shall be eligible for retirement if he has:
(1) Thirty years or more of service, at any age.
 (2) Twenty-five years or more of service, at age fifty-five or thereafter.
 (3) Ten years or more of service, at age sixty or thereafter.
* * *
A reading of R.S. 11:441(A) reveals that there is no such provision for early retirement under the statute, as alluded to by the language of the act. We, therefore, can only conclude that the drafting of the language in the act, referring to early retirement under R.S. 11:441(A), rather than just referring to retirement under R.S. 11:441(A) was a misnomer. Otherwise, the act would provide unequal treatment to retiree's who retire under the provisions of the act rather than under the provisions of R.S. 11:441(A), which we do not find to be the legislature's intent. Accordingly, it is our opinion that the restrictions of the act regarding the abolishment and subsequent re-establishment of vacated positions apply to all retirements; i.e., retirements under the provisions of R.S. 11:441(A) and retirements under the provisions of Act 130 (1995, R.S.), as restricted by the act (See Sections 2 and 5 which provide a cutoff date of January 1, 1996).
With regard to your second question, Section 2 of the act states:
 Section 2. Applicability. The provisions of this Act are applicable with respect to all persons who are, on the effective date hereof, members of the Louisiana State Employees' Retirement System, and who were active members thereof on April 25, 1995. The persons for whom such provisions are applicable may make application thereunder from its effective date until January 1, 1996. The permanent payroll reduction provisions of this Act are applicable to all state employment. (Emphasis added.)
Section 6(A) of the act states:
 Section 6. Restrictions on Employee Positions and Payroll.
 A. It is the intention of this Act to effect a permanent and substantial reduction in the number of state employees and their resulting payroll. (Emphasis added.)
Therefore, it is our opinion that the permanent payroll reduction and abolition provisions of the act apply only to "state employment" of "state employees", and are not applicable to those persons who are employed outside of the three branches of government, such as employees of political subdivisions of the state. Also, because the act applies only to members of the Louisiana State Employees' Retirement System (LASERS), although some positions may be in one of the three branches of state government, the officers and employees are covered by systems other than LASERS. For example, state police, registrars of voters and district attorneys are not covered by LASERS and are not eligible under Act 130 (1995, R.S.).
If we can be of further assistance in this matter, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ___________________________ ANGIE ROGERS LaPLACE Assistant Attorney General
ARL/pb/arl/op/ 95-331.a
DATE RECEIVED:
DATE RELEASED: